**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **No. 04-CR-4022-DEO** |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| **PRESTON REX COOP,** | |
| Defendant. | |

Before the Court and on file at Docket # 75 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the USA's Petition to Revoke Supervised Release, Docket # 71. Following the hearing on January 22, 2013, Judge Strand issued a Report and Recommendation to which Mr. Coop filed objections. Docket # 78. The parties appeared for a status hearing on March 7, 2013. The parties informed the Court that they had reached a stipulated agreement. The Court rejected portions of the agreement, and instructed the parties to appear for the scheduled objection hearing on March 8, 2013. At the hearing on March 8, 2013, the parties informed the Court of a new agreement, which the Court approved. Pursuant to that agreement, the Defendant orally withdrew his objections to the Report and Recommendation.

# I. FACTS

Magistrate Strand set out the relevant facts in this matter:

> On August 6, 2004, Coop was sentenced to 84 months imprisonment and an eight-year term of supervised release based on his plea of guilty to conspiracy to distribute 50 grams or more of methamphetamine mixture within a protected location. See Doc. No. 21. On September 30, 2009, Coop was transferred to a Residential Reentry Center (RRC) in Council Bluffs, Iowa, where he participated in substance abuse treatment. He was discharged from the RRC on March 30, 2010, and began serving his term of supervised release (TSR).
>
> Upon his release, Coop initially lived with his father and began working for a roofing company. Coop violated the conditions of his supervised release numerous times and modifications were made with Coop's consent on October 4, 2010, January 20, 2011, and April 22, 2011. One of the modifications included having no contact with Nina Robertson, a known drug felon with whom Coop had a previous relationship. Doc. No. 27. Robertson and Coop had been arrested for simple assault and disorderly conduct on December 19, 2010. On September 8, 2011, Judge O'Brien revoked Coop's supervised release and sentenced him to 120 days imprisonment and a seven- year term of supervised release. Doc. No. 40.
>
> Coop's second TSR began on January 23, 2012. It was modified with Coop's consent on February 17, 2012, to include up to 180

days at a RRC after Coop failed to appear for random drug tests and admitted to using methamphetamine. Doc. No. 41. Coop was admitted to the RRC, Dismas Charities, on March 6, 2012. After approximately 40 days he was required to leave, through no fault of his own, because Robertson was admitted to the same RRC as a Bureau of Prisons resident.

After leaving the RRC, Coop committed numerous additional violations of his TSR, including failure to comply with drug testing, use of a controlled substance, having contact with Robertson and not being truthful with Probation. Judge O'Brien held a revocation hearing on May 3, 2012. He continued the matter for three months and, at Coop's request, removed the requirement that Coop have no contact with Robertson. Judge O'Brien gave Probation the authority to reinstate this condition if problems developed between Robertson and Coop. Doc. No. 52. And, in fact, Probation did reinstate the "no contact" condition after Robertson pursued sexual assault charges against Coop and Coop pursued theft charges against Robertson in June 2012 (no formal charges were ultimately filed). Officer Lutgen testified Coop agreed at that time that he should have no contact with Robertson.

After additional violations of drug use, alcohol use and making a false statement to Probation, another revocation hearing was held on September 5, 2012. Judge O'Brien continued the matter for three months but modified the conditions to include remote alcohol testing. Doc. No.61. Probation

filed a report of noncompliance on November 15, 2012, stating Coop had been arrested for speeding and driving under the influence of alcohol. It recommended no action at the time because Coop was scheduled to participate in a 28-day inpatient program at Synergy Center on November 26, 2012. Doc. No. 62. Coop was released from the Synergy program on December 23, 2012. It is undisputed that he did well while in the program. Unfortunately, and as I will discuss further below, he resumed the use and abuse of alcohol soon after completing the program.

The current petition itemizes 17 categories of alleged violations. During the hearing, Coop admitted violations 13, 14 and 16 and held the Government to its burden of proving violations 15 and 17. Violations 1 through 12, which have been the subject of previous noncompliance reports and revocation hearings, have either been admitted by Coop or proved by the Government. These violations include failure to comply with drug testing on seven occasions, use of a controlled substance on three occasions, having contact with Robertson, not being truthful with Probation, alcohol use, a law violation and association with a known felon.

Admitted violations 13, 14 and 16 include three instances of failure to follow Probation's instructions, three instances of association with a known felon and two instances of use of alcohol. All of these violations involve Robertson. Violations

4

>15 and 17 include a law violation and three
>instances of failure to comply with alcohol
>monitoring. The law violation was for an
>arrest by the Sioux City Police Department
>for public intoxication, which stemmed from
>a dispute between Coop and Robertson in an
>alley.

The Magistrate ultimately determined the Government proved all 17 violations.

**II. STANDARD**

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

**III. ANALYSIS**

The Court has reviewed the Report and Recommendation, along with the entire file. As discussed above, the Court has the power to affirm, reject, or modify the Magistrates' Report and Recommendation. As discussed at the hearing, the Court accepts the Magistrate's Report and Recommendation as modified

5

by the parties' agreement.

The parties agreed as follows:

1. Mr. Coop will withdraw all pending objections to the Report and Recommendation on Petition to Revoke Supervised Release;

2. The Government's Petition to Revoke Supervised Release shall be granted;

3. Mr. Coop will receive a sentence of 18 months incarceration for his violations and following such sentence, will also receive 180 days of TSR, which he will spend in residential placement at Dismas Charities in Sioux City, Iowa;

4. Mr. Coop seeks a recommendation from the Court for placement at FCI Oxford, Wisconsin.

## IV. CONCLUSION

The Magistrate's Report and Recommendation is accepted as modified by the parties' agreement, set out above. The Court recommends that Mr. Coop be placed at FCI Oxford, Wisconsin.

**IT IS SO ORDERED** this 26th day of March, 2013.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa